Oldham J., delivered the opinion of the court. Two questions are presented by the record in this case. 1st, Did the circuit court err in rejecting the depositions offered in evidence by the plaintiff in error; and 2d, Were those offered by the defendant in error properly permitted to be read in evidence to the j-uiy- 1. The depositions on the part of the plaintiff in error were ex-, eluded because the official character of the judge, before whom they were taken was authenticated by the “deputy clerk,” without disclosing the name of his principal. The statute provides that when depositions shall be taken within any of the United States or Territories thereof, the official character of the judge, justice of the peace, or other judicial officer before whom the same shall be taken, shall be authenticated and proved by the certificate and seal of the clerk of any courl; of record within any county of the State or Territory where such officer resides. Rev. Stat. 326, sec. 16. A deputy has no power to act officially except in the name of his principal, and unless he discloses the name of his principal his acts are void. The official character of the officer before whom the depositions were taken, was not authenticated according to the requisitions of the statute, and they were consequently, properly rejected by the .circuit court. The solution of the. remaining question likewise depends upon the statute. The plaintiff in error contends that he had no notice of the time and place of taking the depositions. The distinction taken by the defendant between the notice and proof of notice is wholly untenable. In the case of Williams vs. Brummell, 4 Ark. R. 129, the objections urged against the depositions were the same as in this case, the defendant contending that he had received “no sufficient notice” of taking them, there being no legal service; and the court decided that there was no notice. The act, which provides for the taking of depositions does not specify by whom th'e notice shall be served, .or how the fact of service shall be manifested to the court; but by the Revised Statutes, chapt. 116, secs. 21, 22, it is enacted that -“whenever in the commencement or progress of .any suit it shall be necessary to serve .any notice on either party to such suit, such notice may be served either first by any officer .authorized by law to serve original pro,-.cess in the court in which such suit is to be brought or may be pending, or served by any person who would be a competent witness upon the trial of such suit: that such notice may be served in like manner as a writ of summons, and the return of such notice made by-an officer, or when made by any other person and verified by affidavit shall be received as evidence of the facts therein stated subject to be repelled by contrary proof.” No officer is authorized by law to serve original process in the circuit courts, except th.e sheriff, his legal deputy and the coroner, in certain cases where the sheriff cannot act; therefore, if a notice to take depositions be served by the clerk of the court, his return, to be entitled to legal credence and to be received as evidence of the facts therein stated, must be verified by affidavit in the same manner as if made by any other person not an officer. It is not an act appertaining to his official duties, and his certificate is evidence of but one fact, the filing of the paper in his office which is an official act, but in all other respects it is no higher evidence than the certificate of any other person who would be a competent witness on the trial of the ,cause. If the return thus made by the clerk had been verified by affidavit, it is defective and insufficient in another respect. Actual personal notice cannot be dispensed with, and constructive notice substituted in lieu of it, only in cases where “neither the adverse party, nor his attorney of record resides in the county where the suit is pending. The certificate does not state that the attorney of record did not reside in the county, but that the defendant “had no atorney of record in the county at that time.” If the certificate made by the clerk was the only evidence of service before the court, the depositions should hávebeen rejected. But it is contended by the defendant in error that, inasmuch as the record does not show that the certificate of the clerk was the only evidence of service, this.court, in aid of the judgment of the circuit court, will presume that there was other a-nd.sufficient legal-evidence of service. At first view it would seem that inasmuch as the statute has presented the manner in which notices may be served and what return shall be received as evidence of the fact, that no other evidence is admissible to establish the fact of service except the return of an officer or that of a person not an officer verified by affidavit. But we regard the provisions of the statute not as mandatory but' directory, not to be explicitly followed to the exclusion of every other kind of evidence, except the return specified in the act. At common law, m the.absence of any statutory provision on the subject, whenever it is necessary to give notice to-either party during the pendency of any suit, parol evidence is admissible to establish the fact of service, and the statute by specifying another mode of establishing that fact, did not thereby make it compulsory upon parties to adopt that mode of proof to the exclusion- of that Authorized by the commoh law, but left it to the discretion of /fíe parties to pursue either mode. By adopting the statutory means of evidence, it is not necessary for the person who may have served the notice to attend the court- from day to day as a witness in'the cause to establish the fact of service, but his return verified by his affidavit is sufficient for that purpose; but it is otherwise if the common law mode of proof is adopted. Under this view of the statute we are of opinion that parol evidence is admissible tó establish the fact of a service of notice to take depositions, and that inasmuch as1 the record does not show that the certificate of the clerk w-as the only evidence, of that fact on the trial- in the circuit court,- this court is bound to presume in favor of the judgment of that court, that other competent testimony was-introduced establishing the fact of service before the depositions were permitted to be read to the. jury.